# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For **Revocation** of Probation or Supervised Release) |
| v. | Case Number:  01-cr-00100-EWN-01 |
| | USM Number:  30258-013 |
| BURNEST JOHNSON | Susan Fisch <br> (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 through 8, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Possession and Use of a Controlled Substance | 05/19/04 |
| 2 | Possession and Use of a Controlled Substance | 07/22/04 |
| 3 | Possession and Use of a Controlled Substance | 08/31/04 |
| 4 | Possession and Use of a Controlled Substance | 06/24/05 |
| 5 | Possession and Use of a Controlled Substance | 07/04/05 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

May 5, 2006
Date of Imposition of Judgment

s/ Edward W. Nottingham
Signature of Judge

Edward W. Nottingham, U.S. District Judge
Name & Title of Judge

May 10, 2006
Date

DEFENDANT:  BURNEST JOHNSON
CASE NUMBER:  01-cr-00100-EWN-01                                                          Judgment-Page 2 of 7

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 6 | Failure to Participate in Drug Treatment as Directed by the Probation Officer | 06/29/05 |
| 7 | Failure to Participate in Drug Treatment as Directed by the Probation Officer | 05/27/05 |
| 8 | Failure to Pay Restitution as Directed | 06/30/05 |

DEFENDANT:  BURNEST JOHNSON
CASE NUMBER:  01-cr-00100-EWN-01                                                            Judgment-Page 3 of 7

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of eight (8) months.

      The court recommends that the Bureau of Prisons designate defendant to FCI Englewood.

      The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                    UNITED STATES MARSHAL

                                  By_____
                                                Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve a term of twenty-eight (28) months on supervised release.  Within seventy-two hours of his release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released.

The defendant shall not possess any firearm, destructive device, or any other dangerous weapon, as defined by federal or state statute.

The defendant shall not illegally possess or use controlled substances.

The defendant shall submit to one drug test within fifteen days of his release and two periodic drug tests thereafter, the exact timing of all such tests to be determined by the probation officer.

The defendant shall not commit a federal, state, or local crime.

The defendant shall make restitution according to the requirements of this judgment and in compliance with the schedule of payments set forth below.

The defendant shall observe thirteen of the fourteen "standard" conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)     The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)     The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)     The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer.  While participating in this program, he shall abstain from the use of alcohol or other intoxicants. He shall pay all costs associated with this program.

2)     The defendant shall participate in a program for mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer.  He shall pay all costs of such treatment.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

3)     The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $0.00 | $0.00 | $14,435.00 |

The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Amount | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Social Security Administration<br>Debt Management Section<br>Attn.: Court Refund<br>P.O. Box 2861<br>Philadelphia, Pennsylvania 19122 | $14,435.00 | $14,435.00 | |
| **TOTALS** | $14,435.00 | $14,435.00 | |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The balance of the restitution shall be paid in either a lump sum or in equal monthly installments during the period of supervised release, commencing thirty days after release from a term of imprisonment to a term of supervised release.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) restitution principal.